NOT DESIGNATED FOR PUBLICATION

No. 117,760

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARIEN IMANI JESTER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge, and SARA STEWART, judge pro-tem. Opinion filed March 2, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).


Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Darien Jester appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. Jester contends the district court should have given him another chance at probation rather than send him to prison. But Jester was charged and convicted of a new offense while on probation, and that gave the district court the discretion to send him to prison. We find no abuse of discretion in the district court's decision to do so.

Jester's underlying offense, for which he was placed on probation, was aggravated escape from custody—a felony. Jester had been serving time in the Johnson County Community Corrections Residential Center for a prior offense when he left the facility and didn't return. That led to his arrest and conviction for aggravated escape. Rather than

send Jester to prison, the district court sentenced him to 18 months of probation, with that probation to begin back at the residential center, where he would be closely supervised. The district court also imposed an underlying prison sentence of 15 months that Jester would have to serve if he didn't successfully complete his probation.

After he had spent a little more than two months at the residential center, Jester was released to complete the probation without being in custody each night. But he was soon arrested and charged with identity theft, an auto burglary, and theft of property. Jester later pleaded guilty in another case to the State's charge of auto burglary, a severity-level 9 felony. Based on this new conviction, the district court revoked Jester's probation and ordered him to serve his 15-month prison sentence. Jester argues that the court should have put him back on probation—accompanied by an intermediate sanction of up to 180 days in prison—rather than sending him to prison to serve the 15-month sentence.

Once a probation violation has been established, the decision to revoke probation has traditionally been considered within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). That discretion is now limited by K.S.A. 2017 Supp. 22-3716, which generally requires the court to use intermediate sanctions (like a short stay in jail) before imposing the prison term for probation violations.

But that statute's provision requiring intermediate sanctions before ordering the defendant to serve the underlying prison sentence does not apply once the court finds that the defendant has committed a new offense. See K.S.A. 2017 Supp. 22-3716(c)(8). Accordingly, we review the district court's decision in Jester's case only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

2

We find nothing unreasonable about the district court's decision here. Although Jester promised the district court that he would change, he also admitted that he didn't take advantage of the several opportunities he was given for treatment at the residential center. Indeed, he committed his new offense only four days after leaving the center. A reasonable person could agree with the district court's decision to impose the prison sentence.

On Jester's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Jester's probation.

The district court's judgment is affirmed.